## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEREK J. FARQUHAR, | DOCKET NUMBER |
| Appellant, | DE-1221-14-0164-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 13, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Derek J. Farquhar</u>, Leavenworth, Kansas, pro se.

<u>Kristen F. Trainor</u>, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant, a WS-2 Housekeeping Supervisor, filed an appeal with the Board alleging that the agency harassed him and subjected him to a hostile work environment because he reported "[g]ross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health & safety."  Initial Appeal File (IAF), Tab 1.  He stated that he filed a whistleblowing complaint with the Office of Special Counsel (OSC) and attached a November 14, 2013 letter wherein OSC advised him that it had ended its inquiry into his allegations and that he may have a right to seek corrective action from the Board.  *Id.* at 4, 6.  He requested a hearing.  *Id.* at 2.

¶3        The administrative judge issued a detailed jurisdictional order, informing the appellant of his burden to establish jurisdiction by showing that he exhausted his administrative remedies before OSC and making nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action against him.  IAF, Tab 3; *see Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013).  He ordered the appellant to file evidence and argument regarding jurisdiction, including identifying, inter alia,

the protected disclosures he made; the dates on which he made such disclosures; and the actions the agency took, or failed or threatened to take as a result of his disclosures. IAF, Tab 3 at 5.

¶4      The appellant did not respond to the administrative judge's jurisdictional order. The agency then moved to dismiss the appeal, asserting that the appellant failed to allege sufficient facts in support of his claims that he made protected disclosures and that the agency subjected him to a hostile work environment because of his disclosures. IAF, Tab 5 at 4-5. The appellant did not respond to the agency's motion.

¶5      After the record closed on jurisdiction, the administrative judge granted the agency's motion to dismiss the appellant's appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to establish that he satisfied the exhaustion requirement because he failed to identify the precise allegations he presented to OSC and also failed to nonfrivolously allege that he made a protected disclosure and that his protected disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.[2] ID.

¶6      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He does not attach any evidence and argues that it was unnecessary for him to respond to the administrative judge's jurisdictional order because he submitted all relevant information to the agency's Administrative Investigation Board in May 2013. *Id.*

---

[2] The administrative judge's initial decision seems to conflate the questions of whether the appellant exhausted his administrative remedies before OSC and whether he nonfrivolously alleged that he made a protected disclosure, had a reasonable belief in his protected disclosure, and that his protected disclosure was a contributing factor in a personnel action taken against him. *See* ID at 4. To the extent that this constitutes error, we discern no harm. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶7     The November 2013 OSC letter indicates that the appellant claimed that he made: (1) "allegations of misconduct at the Department of Veterans Affairs (VA) Consolidated Mail Outpatient Pharmacy (CMOP), Leavenworth, Kansas, to an Administrative Board on May 19, 2003"; and (2) "disclosures to [the] CMOP Director . . . on July 8, 2010, and to the U.S. Occupational Safety and Health Administration (OSHA), alleging the misuse of a pallet jack by [a] VA employee." IAF, Tab 1 at 6. Notwithstanding, we agree with the administrative judge that the appellant has not identified the specific allegations he raised with OSC as support for his whistleblower claim and that he failed to nonfrivolously allege that he made a protected disclosure. Specifically, the appellant failed to submit his OSC complaint or a letter from OSC detailing its findings. He also failed, in the alternative, to file evidence or argument indicating the specific "misconduct" he disclosed to the Administrative Board, why he believed the pallet jack was being "misused,"[3] and whether he provided OSC with this information.[4]

¶8     Moreover, other than making a bare assertion that he was harassed and subjected to a hostile work environment, the appellant has not identified any

---

[3] Agency counsel submitted e-mail correspondence she had with the appellant regarding his discovery responses, wherein he stated that he raised concern about "the operation of pallet jacks and the Director of CMOP not enforcing the operation of said equipment in a safe manner." IAF, Tab 6 at 20. This does not explain, however, why he believed pallet jacks were being operated in an unsafe manner. The agency also submitted an August 2010 Incident Report documenting that another agency employee made regarding the incident where an employee was almost injured by a pallet jack in July 2010. IAF, Tab 5 at 7. The Incident Report makes no mention of the appellant and, thus, does not appear to concern any disclosure the appellant made. *Id.* We also note that the Associate Director who prepared the Incident Report concluded that the employee at issue "followed procedures while operating the pallet jack." *Id.*

[4] In his petition for review, the appellant states that the agency should not subject veterans to harassment. PFR File, Tab 1. To the extent that the appellant contends that he made a protected disclosure regarding the manner in which the agency treats veterans, he has not established that he raised this issue with OSC.

personnel action that resulted from his alleged protected disclosures.[5]   In particular, he has not identified any instances of harassment, or any incidents forming the basis for his claim that he was subjected to a hostile work environment.  He has also failed to state when such actions occurred and explain why he believes that they are related to his alleged protected disclosures.  Therefore, we agree with the administrative judge that the appellant also has not met his burden to nonfrivolously allege that protected disclosures were a contributing factor in any personnel actions taken against him.

¶9        Lastly, we clarify that the Merit Systems Protection Board is an entirely different entity from both the Veterans Administration's Administrative Investigation Board and OSC.  We do not have access to records the Administrative Investigation Board may have that may be relevant to the jurisdictional issue in this appeal; it was the appellant's responsibility to submit such evidence to us, which he failed to do.  Moreover, that the appellant reported information to the Administrative Investigation Board does not establish that he provided the same information to OSC.

---

[5] In his jurisdictional order, the administrative judge stated that the appellant must nonfrivolously allege that he made his disclosures to "someone other than the alleged wrongdoer," and that a "disclosure made in the normal course of [one's] job responsibilities is not protected as whistleblowing."  IAF, Tab 3 at 3-4.  This is incorrect.  The Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, which became effective in December 2012, provides protection to both disclosures made in the course of an employee's normal duties, and disclosures made to the alleged wrongdoer.  5 U.S.C. §§ 2302(f)(1)(A), (f)(2); *see also Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 18 (2013).  We discern no harm, however, because the appellant has not identified with specificity any personnel actions the agency took, failed to take, or threatened to take or fail to take because of any protected disclosures he may have made.  *See Panter*, 22 M.S.P.R. at 282.  Therefore, even assuming arguendo that the appellant made a protected disclosure, we still would not have jurisdiction over this appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.